UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANDRE REISS,

                             Plaintiff,

          -against-

JOSEPH GUBITS, et al.,

                             Defendants.
----------------------------------------------------------------x

MEMORANDUM
AND ORDER

11-CV-1082 (RLM)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of yet another application from *pro se* plaintiff Andre Reiss ("plaintiff"), entitled "Plaintiff Motion for Injunctive Relief" ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #38.[1]  Plaintiff complains that, as of September 14, 2012, defendants Gubits and Golden Touch ("defendants") continued to market the gold-testing product at issue in this case (the "Product") utilizing photographs of the Product falsely marked with the notation "patent pending."  Plaintiff further claims that defendants have thereby "breached the Court[-]supervised settlement agreement," see Pl. Motion at 2, and that therefore the Court should issue an "injunction ordering Defendants and their agents to destroy existing stock of their falsely marked and infringing product . . . ."[2]  See id. at 3.

      For the reasons that follow, plaintiff's motion is denied.

---

[1] Plaintiff's application does not reflect that a copy was served on Leah Greenwald ("Greenwald"), the daughter of *pro se* defendant Joseph Gubits ("Gubits"), even though plaintiff identifies her as the person now operating her father's company, Golden Touch Technology, Inc. ("Golden Touch").  Henceforth, plaintiff must serve any submission to the Court on Gubits at his own address and in care of his daughter at her address.

[2] Plaintiff's reference to defendants' "infringing product" is puzzling, since the complaint accuses defendants of falsely marking unpatented goods, and not patent infringement.

As an initial matter, plaintiff ignores the fact that at the hearing held on September 12, 2012, the Court gave defendants until September 21, 2012, to confirm in writing that they had (1) removed any remaining references to "patent pending" in photographs or text on defendants' website; (2) asked the one vendor identified by plaintiff ("Great Stuff From Us") to cease advertising and marketing the Product with the notation "patent pending"; and (3) destroyed all advertising and marketing materials and instructions, in defendants' possession or custody, bearing the notation "patent pending." See Minute Order (Sept. 12, 2012) at 1-2, DE #37. In a letter to the Court dated September 17, 2012, Greenwald, on behalf of defendants, confirms that defendants have complied with the Court's September 12th Order and, in addition, that they paid the final $500 installment of the settlement sum. See Defendants' Letter to the Court, DE #39.[3]

Plaintiff's demand that defendants' destroy "existing stock" of the Product, see Pl. Motion at 3, goes well beyond the requirements of the parties' Consent Permanent Injunction, DE #26, and well beyond the terms of the September 12th order of this Court. In support of his pending application, plaintiff attaches screenshots from three websites marketing the

---

[3] Defendants' submission includes a screenshot from defendants' website, www.goldtestus.com, the one website not cited by plaintiff as continuing to include the notation "patent pending." Nevertheless, from an attachment to Greenwald's September 17th letter, it appears that defendants overlooked one small photograph of the Product on defendants' website, appearing on the page entitled "List of Parts." See DE #39 at 2. Because of the small size of the photograph, the notation on the upper righthand corner of the Product is not legible; however, a person with prior knowledge of the claims in this case could deduce that that notation is "patent pending." Although plaintiff's motion does not reference this photograph, and members of the public are unlikely to discern that the blurry notation reads "patent pending," the Court, out of an abundance of caution, directs defendants to replace this photograph, by October 3, 2012, with one of the Product without the notation.

Product, but he provides no proof whatsoever to attribute the actions of any of the three vendors -- Star Struck, LLC in Bethel, Connecticut, NDTec Supplies PTE Ltd. in Singapore, or GoldenTouchTester.com in Ardmore, Oklahoma, see Pl. Motion Exs. M, N, O -- to defendants and their operations in Brooklyn, New York. At the hearing on September 12th, the Court explained to plaintiff that defendants are not responsible for the marketing activities of all unrelated vendors, and that plaintiff had an opportunity, at the time the parties settled the case, to provide defendants with a list of vendors for defendants to contact and request that they cease advertising and marketing the Product using the phrase "patent pending"; plaintiff acknowledged on the record at the September 12th hearing that he had failed to do so. He now attempts to cure that omission by claiming that earlier in the case, he did supply screenshots of offending websites in his Complaint and in unspecified "Motions." See Pl. Motion, DE #38 at 4. Such references during the course of the litigation are not, however, an adequate substitute for a written request by plaintiff, in connection the finalization of the settlement of this case, that defendants transmit cease and desist notices to specified vendors. Nor is plaintiff entitled to rewrite the Consent Permanent Injunction to require that defendants destroy their remaining inventory of the Product. Defendants' modification of the remaining Products, so as to cover the notation "patent pending" with an adhesive label, is entirely consistent with the terms of the Consent Permanent Injunction.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Injunctive Relief is denied.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to mail copies to:

>Andre Reiss
>147-47 Village Road
>Jamaica, NY 11435
>
>Joseph Gubits and
>Golden Touch Technology Inc.
>447 Foster Avenue
>Brooklyn, NY 11230
>
>Joseph Gubits
>and Golden Touch Technology Inc.
>c/o Leah Greenwald
>159-10 71st Avenue, #3N
>Fresh Meadows, NY 11365

**SO ORDERED.**

Dated:   **Brooklyn, New York**
         **September 27, 2012**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**